LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>BURNT RICE KOREAN RESTAURANT, INC.<br><br>Debtor | Case No.: 15-53371-MEH<br><br>**MOTION TO VALUE COLLATERAL OF AKRIBIS GROUP, LLC**<br><br>CHAPTER 11<br><br>Date: None Set<br>Time: None Set<br>Court: 3020 |

COMES NOW Burnt Rice Korean Restaurant, Inc. ("Debtor" hereinafter) by and through The Fuller Law Firm, P.C., its attorney of record, and moves the Court to value the collateral of AKRIBIS GROUP, LLC ("Lender" hereinafter) for the purpose of modifying its lien on the basis that the lien is partially under-secured. In support of this motion, Debtor states the following:

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334(a).

2. Debtor commenced the herein case by filing a voluntary petition under Chapter 11 in the United States Bankruptcy Court for the Northern District of California, San Jose Division, on Oct. 26, 2015.

3. Debtor is informed and believes that Lender engages in business and does business throughout this District.

4. The assets of Debtor consist of a restaurant including cash in its operating account, furniture and fixtures, supplies, beer and wine inventory and good will. Pursuant to a Business Appraisal performed by Rich Chehab, MBA, Business Broker of American West Properties, the restaurant business has a valuation of $60,000 in-place as-is as of Nov. 2, 2015.

5. On May 10, 2013 Debtor executed an Opportunity Fund Northern California Promissory Note and Opportunity Fund Northern California Loan and Security Agreement. Pursuant to the security agreement, the collateral securing the loan included: "All inventory, equipment, accounts, accounts receivable; Chattel Paper; Instruments (including but not limited to all promissory notes and certificates of deposit); Certificates of Title; Documents; Documents of Title; Deposit Accounts; Investment Property; Financial Assets; Money; Payment Intangibles; General Intangibles (including but not limited to all software and all payment intangibles); Fixtures; Letters of Credit Rights; Commercial Tort claims and any other cause of action of Borrower against third parties arising in connection with Borrower's business, excluding only claims for personal injury; Support Obligations.

6. Pursuant to the Opportunity Fund North America promissory note, debtor borrowed $50,000. The unpaid balance as of the date of the filing of the petition was $22,952.96.

7. On or about June 2015 Debtor borrowed $50,000 from Akribis Group secured by a UCC Financing Statement identified as Document No. 50204040002. The Akribis loan was secured by "All assets of Burnt Rice Korean Restaurant, LLC including but not limited to all fixed assets including furniture and equipment, cash assets including petty cash, cash in bank accounts and cash equivalents, all licenses including liquor license associated with Burnt Rice Korean Restaurant.

8. The balance original balance owed the Akribis Group was $48,600 as of the date of the filing of the petition.

9. Accordingly, the Akribis loan is partially under-secured as follows:

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

|   |   |
|---|---|
| Value of Assets | $60,000 |
| Opportunity Fund | $22,952.96 |
| Equity behind Opportunity Fund | 37,047.04 |

10. Hence, Debtor seeks to cram Lender's lien to the equity in the corporate assets of $37,047.04. The under-secured balance of $11,552.96 would be treated concurrent with General unsecured creditors.

WHEREFORE, Debtor prays for an order:

1. Valuing the Restaurant assets at $60,000 for the purpose of this motion and valuing the collateral securing Lender's lien at $37,047.04 and that such valuation be binding on Lender as to the valuation of the Restaurant for purposes of Plan confirmation.

2. For such other and further relief as is just and equitable.

Respectfully submitted,

Dated: Nov. 17, 2105                    THE FULLER LAW FIRM, P.C.

By: *   Lars T. Fuller  *
       LARS T. FULLER
       Attorney for Debtor