LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408) 295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

In re:

BURNT RICE KOREAN RESTAURANT, INC.

Debtor

Case No.: 15-53371-MEH

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VALUE COLLATERAL OF AKRIBIS GROUP, LLC.**

CHAPTER 11

Date: None set
Time: None set
Court: None set

COME NOW Debtor BURNT RICE KOREAN RESTAURANT, INC. ("Debtor" hereinafter), by and through The Fuller Law Firm, P.C., its attorney of record, and submits this Memorandum of Points and Authorities in Support of its Motion to Value Collateral of Akribis Group, LLC ("Lender" hereinafter) and represents as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

LEGAL ARGUMENT

Rule 3012 of the Federal Rules of Bankruptcy Procedure deals with the procedure in the valuation of a secured claim. It reads in pertinent part: "The court may determine the value of a

Case: 15-53371 Doc# 43-1 Filed: 11/19/15 Entered: 11/19/15 17:23:29 Page 1 of 3

claim secured by a lien on property in which the estate has an interest on motion of any party in interest…." As the debtor in the subject matter, Debtor is the proper party "in interest" within the meaning of 11 U.S.C. §3012 and may therefore assert its rights to present this motion to the court.

Bankruptcy Code Section 506(a)(1) states that an allowed claim secured by a valid lien on certain property is secured to the extent of "the value of such creditor's interest in the estate's interest in such property." In interpreting this section, the Supreme Court has equated the quoted language with "value of the collateral." See *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988).

Bankruptcy Code Section 506(a)(1) further states that an allowed claim secured by a valid lien on certain property is "an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim."

Once an under-secured claim has been bifurcated, the court may confirm a Chapter 11 reorganization plan that pays the secured part of the under-secured claim over time and the under-secured part of the claim together with other unsecured creditors. 11 U.S.C. §1129(b)(2)(A). *In re Weinstein* 227 BR 284, 292 fn8 (9th Cir. BAP 1998).

Section 506(a)(1) provides a flexible, case-by-case standard, under which the court should determine the value of collateral "in light of the purpose of the valuation and of the proposed disposition or use of such property…." This standard suggests that the court's determination of the collateral's "market value" is a function of both the debtor's proposed use of the collateral and the procedural context of the bankruptcy case. Therefore, as is the case herein, if debtors propose s to retain the collateral under its plan, a court evaluating the debtors' plan should value the collateral based on its "replacement value" --- i.e., the price that it would cost the debtor to purchase similar property in a market transaction. [§506(a)(2)] See *Associates Commercial Corp.*

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

Case: 15-53371 Doc# 43-1 Filed: 11/19/15 Entered: 11/19/15 17:23:29 Page 2 of 3

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

*v. Rash*, 520 U.S. 953 (1997) which held the replacement value measure appropriate in context of a debtors' proposal to retain collateral over objection of a secured party.

Here, Debtor, relying on a business appraisal, believes that the current value of the corporate assets is $60,000.

CONCLUSION

For the foregoing reasons, and based upon the legal arguments set forth in this Motion and the accompanying declaration, Debtor requests the Court grant the Motion to Value Collateral for the Purpose of Modifying the Lender's lien forthwith.

Dated: Nov. 18, 2015

Respectfully submitted,

THE FULLER LAW FIRM, P.C.

By: *__/s/ Lars T. Fuller__*
LARS T. FULLER
Attorney for Debtor

Case: 15-53371 Doc# 43-1 Filed: 11/19/15 Entered: 11/19/15 17:23:29 Page 3 of 3